UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Bradley J. Cornille, Sr.<br><br>Plaintiff,<br><br>v.<br><br>Lt. Dudat and Officer Jones,<br><br>Defendants. | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Bradley J. Cornille Sr., through his undersigned attorneys, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a), as Plaintiffs' claims are brought under the Eighth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

2. Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b), as one or more of the Defendants resides in this judicial district and a substantial part of the events or omissions giving rise to the claims asserted in this lawsuit occurred in this judicial district.

### PARTIES

3. Plaintiff Bradley Cornille, Sr. is a resident of Illinois. On September 1, 2023, Plaintiff was a prisoner at Pinckneyville Correctional Center.

4. Defendant Officer Jones was a correctional officer employed by the Illinois Department of Corrections at Pickneyville Correctional Center. At the time of the events described in this complaint, Officer Jones was a control officer for Pinckneyville's Five-House, D-Wing.

1

5. Defendant Lt. Dudat was a correctional officer employed by the Illinois Department of Corrections at Pickneyville Correctional Center. At the time of the events described in this complaint, Lt. Dudat supervised Officer Jones.

## FACTUAL ALLEGATIONS

6. On September 1, 2023, someone vomited in Pinckneyville Correctional Center, in the common area of Five-House, D-Wing.

7. The vomit created a hazardous condition, because a person stepping on it could lose traction, slip, and fall on the floor.

8. On September 1, 2023, Officer Jones was assigned to the common area where the vomit occurred.

9. Officer Jones knew that the vomit had occurred.

10. Officer Jones knew the vomit posed a slipping hazard.

11. Officer Jones knew that if someone slipped on the vomit, they could suffer severe injuries.

12. Officer Jones had time to clean up the vomit. But he did not clean it up.

13. Officer Jones had time to get others to clean up the vomit. But he did not get others to clean it up.

14. Officer Jones had time to ensure warnings were in place to advise others about the slipping hazard posed by the vomit. But he did not ensure that warnings were put in place.

15. On September 1, 2023, Lt. Dudat was assigned to the common area where ethe vomit occurred.

16. Lt. Dudat supervised Officer Jones.

17. Lt. Dudat knew that the vomit had occurred.

18. Lt. Dudat knew the voomit posed a slipping hazard.

19. Lt. Dudat knew that if someone slipped on the vomit, they could suffer severe injuries.

20. Lt. Dudat had time to clean up the vomit. But he did not clean it up.

21. Lt. Dudat had time to get others, including Officer Jones, to clean up the vomit. But he did not get others to clean it up.

22. Lt. Dudat had time to ensure warnings were in place to advise others about the slipping hazard posed by the vomit, including by instructing Officer Jones to have such warnings put in place. But he did not ensure warnings were put in place.

23. Plaintiff entered the prison common area after the vomit had occurred.

24. Plaintiff was unaware of the vomit.

25. Plaintiff slipped on the vomit.

26. Plaintiff fell to the floor and suffered serious injuries, including fractures and dislocations to his spine.

27. These injuries have caused Plaintiff to suffer considerable pain and have resulted in his confinement to a wheelchair.

## COUNT 1
### (Eighth Amendment – All Defendants)

28. Plaintiff re-alleges all proceeding paragraphs as if fully set forth here.

29. There was a prison condition that subjected Plaintiff to a strong likelihood of serious harm.

30. Both Defendants were aware of the strong likelihood that Plaintiff would be seriously harmed by this prison condition.

31. Both Defendants consciously failed to take reasonable measures to prevent the harm from occurring.

32. Plaintiff would not have been harmed by the prison condition if either Defendant had taken reasonable measures.

33. As a direct and proximate result of both Defendants' actions and failures to act, Plaintiff suffered serious injuries as a result of the prison condition.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement against the Defendants, actual damages, punitive damages, costs, attorney fees, and any other relief that this Court deems just.

Date: August 29, 2025

Respectfully submitted,

/s/ *Stephen H. Weil*
Stephen H. Weil

**Romanucci & Blandin, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: 312-458-1000
Fax: 312-458-1004
sweil@rblaw.net

*Attorney for Plaintiff*