IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRADLEY J. CORNILLE, SR.,**

    Plaintiff,

v.

**LT. DUDAT and OFFICER JONES,**

    Defendants.

Case No. 25-cv-1664-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Bradley J. Cornille, Sr., an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy River Correctional Center,[1] brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while incarcerated at Pinckneyville Correctional Center. In the Complaint, Cornille alleges that Defendants were deliberately indifferent to a slippery floor leading him to slip and fall. He alleges violations of the Eighth Amendment.

Although Cornille is represented by counsel, he is currently incarcerated; thus, his complaint is still subject to preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-

---

[1] In his Complaint, Cornille failed to note his current institution. He only noted that he was a resident of Illinois and a prisoner at Pinckneyville Correctional Center at the time the incident at issue in this case occurred. According to the Illinois Department of Corrections' Inmate in Custody Search page, Cornille is presently incarcerated at Big Muddy River Correctional Center. *See* Illinois Department of Corrections' Inmate in Custody Search, https://idoc.illinois.gov/offender/inmatesearch.html (last visited Oct. 29, 2025).

meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

While housed at Pinckneyville on September 1, 2023, Cornille alleges that someone vomited in the common area of his housing unit, Five-House, D-Wing (Doc. 1, p. 2). Cornille alleges that the vomit created a hazardous condition because of the potential to slip and fall on the substance (*Id.*). He further alleges that Officer Jones was assigned to the common area, knew about the vomit, and knew of the potential hazard that it posed, but failed to clean it up despite having time to do so (*Id.*). He also failed to have anyone else clean up the vomit (*Id.*). Additionally, he failed to place warnings in the area advising others about the potential slipping hazard (*Id.*).

Lieutenant Dudat was also on duty at the time and supervised Officer Jones. Dudat also knew about the vomit, the potential slipping hazard, and danger posed if someone slipped and fell on the substance (Doc. 1, pp. 2-3). Despite having time to clean up the vomit, Dudat failed to clean it up himself or order someone else to clean it up (*Id.* at p. 3). He further failed to ensure that warnings were placed in the area advising others about the hazard in the common area (*Id.*).

When Cornille entered the common area, he did not notice the vomit and stepped on it, causing him to slip and fall. As a result of the fall, Cornille suffered fractures and

dislocations in his spine (Doc. 1, p. 3). He is now confined to a wheelchair due to his injuries.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** **Eighth Amendment conditions of confinement claim against Officer Jones and Lieutenant Dudat for failing to take reasonable measures to ensure safe conditions in the common area, resulting in Cornille's slip and fall.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

In order to state a claim for unconstitutional conditions of confinement, a plaintiff must demonstrate that (1) he suffered a sufficiently serious deprivation, and (2) the defendants acted with deliberate indifference to his conditions of confinement. *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008). In stating a claim allegedly a hazardous condition of confinement, a plaintiff must allege that the defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir.2008)).

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

An "allegedly dangerous prison condition must deprive an inmate of 'the minimal civilized measure of life's necessities.'" *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004).

When it comes to prison conditions involving slippery floors, "[f]ederal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) (finding that a slippery, wet stairwell was not sufficiently serious). *See also Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("slippery floors constitute a daily risk faced by members of the public at large"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (slippery prison floors are not cruel and unusual punishment); *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (accumulation of water on the floor fails to present a substantial risk). The Seventh Circuit has noted that a slippery surface could rise to the level of a substantial risk of serious harm if there are additional factors posing dangerous conditions. *See Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) (inmate stated a claim when he was forced to walk down stairs that were slicked with milk and several days of food and garbage presenting an obstacle course like condition, while handcuffed and without assistance); *Balle v. Kennedy*, 73 F.4th 545, 554-55 (7th Cir. 2023) (inmate forced to carry pot of near boiling water over uneven and damaged flooring tiles faced an objectively dangerous condition).

In this case, the condition of the common area as alleged by Cornille does not constitute a hazardous condition of confinement. Cornille merely alleges that someone vomited in the common area on September 1, 2023. There are no allegations to suggest

that the vomit had been there for a substantial length of time or that there were other impediments in the common area making Cornille's walk treacherous. Nor has Cornille alleged that he was cuffed at the time or forced to walk through the vomit. He simply alleges that someone had vomited and Defendants had not yet cleaned up the vomit or placed any warnings prior to Cornille entering the common area. Cornille's allegations point to a mere slippery floor, which does not state a claim. Further, the alleged actions of Defendants in failing to clean up the vomit in a timely manner appear to amount to, at most, negligence. And negligence "is not enough to support a claim of deliberate indifference." *Bell*, 88 F. App'x at 127 (failure to clean up a wet floor, even one that officers were aware of, amounted only to negligence). Thus, Cornille fails to state a viable claim for deliberate indifference to his conditions of confinement. The Court will, however, allow Cornille an opportunity to amend his pleading to attempt to state a viable conditions of confinement claim.

## Disposition

For the reasons stated above, Cornille's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **December 1, 2025**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The

dismissal shall count as one of Cornille's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Cornille must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**DATED:  October 30, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**